IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

| | |
|---|---|
| SHNEUR LEVERTOV, individually and on behalf of all others similarly situated; | Civil Action No.: |
| Plaintiff, | |
| -against- | **CLASS ACTION COMPLAINT** |
| I.C. SYSTEM, INC. | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

-----------------------------------------------------------------

Plaintiff, SHNEUR LEVERTOV (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through his undersigned counsel, against Defendant I.C. SYSTEM, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt

collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using false, deceptive and misleading representation in connection with the collection of a debt.

6. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of Rockland County in the State of New York and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with its registered office located at 444 East Highway 96, St. Paul, Minnesota 55127.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and

facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

12. Plaintiff repeats and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

13. On or about August 29, 2017, the Plaintiff visited his dentist, a Dr. Levy, to be treated for a cavity.

14. The Plaintiff has dental insurance and specifically inquired with Dr. Levy's office – before receiving any treatment - as to whether the procedure would be covered by his insurance, in order to ensure that he would not be responsible to pay the resultant costs.

15. Assured that the procedure would be fully covered by his insurance, the Plaintiff went through with the procedure.

16. After being treated by Dr. Levy, the Plaintiff was unpleasantly surprised when he still received a bill from Dr. Levy for the procedure. The Plaintiff reminded Dr. Levy that he had been specifically advised by Dr. Levy's office that his insurance would fully cover the procedure.

17. Dr. Levy refused to acknowledge the Plaintiff's concerns and insisted that the Plaintiff pay $225.00 or the bill would be sent to collections.

18. The Plaintiff understandably refused to pay this $225.00 bill that he had been told by the creditor that he would not be responsible for.

19. As a result, Dr. Levy retained the Defendant, a collection agency, to attempt collection on this debt.

20. Defendant's sole business is the collection and attempted collection of debts, allegedly incurred by debtors, on behalf of third party creditors.

21. On March 28, 2018, the Defendant mailed the Plaintiff a Collection Letter, which was the first communication between Plaintiff and Defendant.

22. The March 28th Letter advised the Plaintiff that he now owed $225.00 in 'Principal', $14.95 in 'Interest before 3/28/2018', and $72.00 for a 'Collection Charge Due', taking this alleged debt from $225.00 to $311.95.

23. The March 28th Collection Letter further states that "Interest at the rate of 1.33% annually is being accrued by I.C. System, Inc. as of 3/28/2018."

24. However, even if interest of 1.33% annually is calculated from the very day that the dental procedure was performed (August 29, 2017), the total accumulated interest until March 28, 2018 would only total $1.73, not $14.95.

25. The Plaintiff then disputed this debt, informing the Defendant of the circumstances leading up to the debt being placed with Defendant, and advising Defendant that he did not owe this money.

26. Despite being specifically advised of the Plaintiff's dispute, Defendant continues attempting to collect on this debt.

27. As alleged above, the Plaintiff's alleged debt arose from the provision of dental services provided for personal purposes.

28. The alleged Dr. Levy obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

29. Dr. Levy is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

30. Upon information and belief, the Plaintiff's Agreement creating the alleged debt with Dr. Levy did not expressly authorize Dr. Levy or the Defendant to charge a Collection Charge

in addition to the alleged balance.

31. As such, Defendant was attempting to collect an amount they were not legally entitled to.

32. Moreover, the Defendant's collection letter was deceptive, in telling the Plaintiff (1) on the one hand, that interest was accruing at 1.33% annually, while (2) on the other hand, collecting far more interest than 1.33% annually.

33. Plaintiff thus had no idea as to whether his debt was accruing interest at 1.33% annually, in which case the amount allegedly owed was wrong, or whether interest was accruing at some other unknown amount that somehow totaled the amount being sought by Defendant.

34. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed. The Plaintiff was deprived of information to which he was statutorily entitled to receive in a clear and unambiguous manner. The Plaintiff was further harmed by being asked to pay far more money than he owed (if he owed anything at all).

35. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## CLASS ALLEGATIONS

36. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) on behalf of the following classes:

Class A: (a) all individuals with addresses in the United States (b) to whom Defendant (c) sent a letter attempting to collect a consumer debt (d) which adds a collection fee to the alleged principal balance (e) owed to or allegedly owed to Dr. Levy (e) within a date of one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

Class B: (a) all individuals with addresses in the United States (b) to whom Defendant (c) sent an initial collection letter attempting to collect a consumer debt (d) which includes an amount owed for interest (e) which is different than the amount of interest actually accumulated (e) within a date of one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

37. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

38. Excluded from the Plaintiff Classes are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

39. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e and 1692f.

40. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

41. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

42. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a)   **Numerosity:** The Plaintiff is informed and believes, and on that basis, allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

43. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

44. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e
### (INDIVIDUALLY and ON BEHALF OF ALL OTHERS SIMILARLY SITUATED)

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

47. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48. Defendant violated said section by:

- Falsely representing the amount of the debt in violation of §1692e(2);
- Threatening to charge a fee in which they were not legally entitled to charge in violation of §1692e(5);
- Making a false and misleading representation in violation of §1692e(10).

49. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and

attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(INDIVIDUALLY and ON BEHALF OF ALL OTHERS SIMILARLY SITUATED)**

50. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

52. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.

53. Defendant violated said section by:

- Attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §1692f(1).

54. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**16 U.S.C. §1692g *et seq.***
**(INDIVIDUALLY and ON BEHALF OF ALL OTHERS SIMILARLY SITUATED)**

55. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

56. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated

various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

57. Pursuant to 15 U.S.C. §1692g, a debt collector is required to clearly and unambiguously provide certain information to debtors within five days of their initial communication with the debtor.

58. Defendant violated said section by:

- Failing to clearly and effectively convey to Plaintiff the amount owed by the Plaintiff in violation of 15 U.S.C. §1692g(a)(1).

59. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

60. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Plaintiff's Counsel as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

  (e)  Awarding pre-judgment interest and post-judgment interest; and

  (f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 11, 2018

By: __/s/ Yitzchak Zelman__
Yitzchak Zelman, Esq.
Marcus & Zelman, LLC
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
Office: (732) 695-3282
Fax: (732) 298-6256
Email: yzelman@MarcusZelman.com
Website: www.MarcusZelman.com